## Simon Estate

Before Boyle, P. J., Cox and Rahauser, JJ.

*John M. Gallagher*, for plaintiffs.

*Drayton Heard*, for defendant.

BOYLE, P. J., October 7, 1954.—Decedent, who was a childless widow, died July 7, 1949, at. the age of approximately 80 years leaving to survive as her only heir at law a sister, Marie Svobodova, residing in Czechoslovakia. On the trial by jury in the orphans' court of an issue devisavit vel non involving two of decedent's alleged testamentary writings dated May 31, 1949, and December 7, 1948, respectively, the jury returned a verdict in favor of Marie Svobodova, defendant (contestant), as to both writings. In the verdict in favor of defendant the jury found that each of the writings was procured by undue influence, duress and constraint practiced upon decedent by Mara Cieslak and John Cieslak, her husband, plaintiffs in the issue (proponents), or one of them. The jury also found that both of the writings were not prepared by or at the direction of decedent and were not signed by her as and for her last will and testament. Mara Cieslak and John Cieslak, her husband, plaintiffs in the issue, are funeral directors in the City of Pittsburgh. They are strangers to the blood of decedent and are the sole beneficiaries of her estate under the aforesaid two writings. Defendant is represented on the record by Julius Strba, a member of the bar who is her attorney in fact. Decedent leaves an estate of approximately $40,000 which would pass to the Cieslaks if either of the aforesaid testamentary writings is valid or to decedent's sister if said writings are invalid. The jury having returned a verdict in favor of decedent's sister, Marie Svobodova, defendant in the issue, plaintiffs have filed a motion for a new trial and a motion for judgment non obstante veredicto. These motions raise several questions of law. .

Plaintiffs assert that it was error for the court to submit to the same jury the question of the validity of two separate writings. Plaintiffs aver that a separate issue devisavit vel non was awarded as to each writing, requiring separate jury trials.

The evidence which forms the basis of the award of the issues devisavit vel non in the case at bar was heard before Judge Rahauser of this court. A decree entered by the hearing judge awarded an issue devisavit vel non as to the writing dated May 31, 1949. After argument before the court en banc of the exceptions filed to the decree, it was determined that the exceptions should be dismissed and that an additional issue devisavit vel non should be awarded to try the validity of the earlier writing dated December 7, 1948. The reasons for the award of the issues devisavit vel non to try the validity of both writings appear in the opinions of Judge Rahauser as hearing judge and for the court en banc. By our decree of July 6, 1953, issues devisavit vel non to try the validity of each of the writings were awarded. . . .

In the case at bar separate issues were framed to try the validity of each of the contested writings. There appears to be no valid objection to the trial of both issues before the same jury, particularly when both writings are identical in content as in the case at bar, the only differences being in the date and identity of the subscribing witnesses to the alleged signatures of testatrix. In Hoxworth v. Miller, 7 Pa. 458, approval was given to the trial of two separate issues on the validity of a will and codicil before the same jury. In the Hoxworth case only one issue was framed to try the validity of the two writings. The trial judge instructed the jury that as the issue was made up both the will and the codicil must be treated by them as forming one question and they must find both writings good or bad. The jury found in favor of the will and an ap-

peal (writ of error) was filed in the Supreme Court. Appellant (plaintiff in error) asserted that two questions were involved and should have been treated as distinct. In holding that the two questions might be tried before the same jury the Supreme Court wrote (pages 458 and 459) :

"Common justice requires that this cause be put to another jury, on issues which may enable it to find the exact truth; but as the issue before us was framed, it is impossible to reverse the judgment, for the direction was right. Yet as the will might be good, and the codicil bad, separate issues ought to have been formed to try the validity of each, instead of coupling them in a single one, which did not admit of division. The record is therefore remitted, with direction to set aside the judgment and proceedings, and to direct the counsel to frame an issue to try the validity of the will, and another to try the validity of the codicil, in separate counts of the declaration. In any other proceeding, perhaps, we would not feel ourselves at liberty to pursue a similar course; but as a feigned issue is merely a contrivance to take the verdict of a jury, the courts have an unlimited discretion in directing the use of it."

The decision in the Hoxworth case was followed by Judge Penrose, of the Orphans Court of Philadelphia County, in Carter's Estate, 2 Dist. R. 578.

It may be stated, generally, that one jury may try the validity of two wills under separate issues directed to the validity of each will, except where the instruments are so different and the parties so dissimilar as to encourage confusion in a jury's deliberation. For example, in Page on Wills, 3rd edition, at section 601, the following appears:

"If two or more wills are offered for probate, a number of courts have held that the trial court has power to consolidate the hearings and to determine the validity of all the wills at one hearing."

. . . In the case at bar the court holds that the trial of the two issues before the same jury was proper. . . .